FILED

2020 Jul-16  PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY MANTOOTH,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| **CAVALRY SPV I, LLC;** | ) | **JURY TRIAL DEMANDED** |
| **CAVALRY PORTFOLIO** | ) | |
| **SERVICES, LLC,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

## COMPLAINT

---

This is an action brought by the Plaintiff, Terry Mantooth, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendants transacted business in this District, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1.  Plaintiff, Terry Mantooth, is over the age of nineteen (19) years and is a resident of the city of Locust Fork in Blount County, Alabama.

2.  Defendant Cavalry SPV I, LLC ("Cavalry") is, and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware. Plaintiff asserts that, upon information and belief, Defendant Cavalry is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).  Cavalry has no employees. Rather, Cavalry's accounts, including upon information and belief, the account at issue in this case, are serviced by Defendant Cavalry Portfolio Services, LLC.

3.  Defendant, Cavalry Portfolio Services, LLC ("CPS" or collectively with Cavalry as "The Defendants"), is a foreign limited partnership or other legal entity organized under the laws of  the State of Delaware. CPS was, in all respects and at all times relevant herein, doing business in the state of Alabama, and was at all relevant times registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the

business of collecting consumer debts from consumers residing in Talladega County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  Upon information and belief, CPS is the servicer of accounts, including the account at issue in this case, for Defendant Cavalry.

## STATEMENT OF FACTS

### *Background*

4.      On or about October 17, 2019, Defendants filed or caused to be filed a lawsuit against Plaintiff in the Small Claims Court of Blount County, Alabama which was assigned case number 08-SM-2019-900795 (hereinafter referred to as "the lawsuit").  The lawsuit was styled *Cavalry SPV I, LLC as assignee of Citibank, N.A. v. Terry Mantooth.*

5.      The lawsuit involved a debt allegedly owed by Plaintiff to Citibank, N.A., an entity not a party to this lawsuit, as the result of an alleged credit account taken out by Plaintiff.  Defendants filed the lawsuit in an attempt to collect an alleged debt from the Plaintiff.

6.      The alleged debt was incurred for personal or household purposes.

7.      In its complaint Cavalry represented that Citibank, N.A., assigned an

account allegedly belonging to Plaintiff to Cavalry and claimed that
Plaintiff allegedly had a balance due on the account of $2,584.73.

8.    Plaintiff has never done business with Defendants and has never
owed Defendants any money.

9.    Further, attached to the lawsuit was an affidavit signed by Dawn
Ryder, an employee of CPS.  The affidavit stated that Dawn Ryder
was familiar with the method by which CPS, on behalf of Cavalry
SPV I, LLC creates and maintains business records pertaining to the
account allegedly belonging to Plaintiff.  Additionally the affidavit
claimed that Plaintiff owed $2,584.73.

10.   Plaintiff retained counsel and paid a legal fee for representation in the
lawsuit. Plaintiff's attorney answered Cavalry's Small Claims
Complaint and denied all of the allegations made by Cavalry in the
lawsuit.

11.   Trial was held on Cavalry's alleged claim against Terry Mantooth on
December 10, 2019.

12.   Despite bearing the burden of proof at trial, Cavalry called no
witnesses at trial in support of its claims against Terry Mantooth.
Further, despite the affidavit it filed in support of its lawsuit, Cavalry

offered no competent evidence at trial that the alleged debt was assigned to Cavalry, that Cavalry owned the alleged debt and as such had any standing to bring suit against Terry Mantooth or that Terry Mantooth was in any way responsible for paying the alleged debt claimed by Cavalry in the amount claimed by Cavalry in the Complaint.  As a result, judgment was entered in favor of Terry Mantooth and against Cavalry on December 10, 2019.

13.   Each year Defendants file or cause to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims it alleges; with the knowledge that it will not call any witnesses to testify on its behalf at trial and knowing that it will not be able to offer competent evidence at trial.

14.   The pattern and practice of Cavalry is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the bogus complaints Cavalry files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Cavalry knows it has no witnesses and no competent evidence to prove its claims.

15.     In support of the lawsuit filed against Terry Mantooth, Defendants

prepared and filed a false affidavit purportedly signed by a person

named "Dawn Ryder."  Plaintiff alleges that Dawn Ryder has no

personal knowledge of the statements made in the affidavit filed

along with the lawsuit against him.

16.     Further, as indicated by the judgment in Plaintiff's favor, the

statement that Plaintiff owed a balance of $2,584.73 to Cavalry was

false.

17.     Plaintiff alleges that the "business records" Dawn Ryder purportedly

reviewed were records of Citibank, N.A.  Plaintiff alleges that Dawn

Ryder could not and cannot testify regarding the creation or

maintenance of Citibank, N.A.'s business records and that she lacks

personal knowledge of how Cavalry's business records are prepared

or maintained.

18.     The case filed against Terry Mantooth is not an outlier nor was it filed

by mistake.  Rather, as discovery in this case will likely show, it is

merely an example of the unfair and intentionally illegal business

model that Defendants have put into place which violate the Fair Debt

Collection Practices Act.

**COUNT ONE**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

19.     Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

20.     The foregoing acts and omissions of Defendants and their employees
and agents constitute numerous and multiple violations of the
FDCPA, 15 U.S.C. § 1692 *et seq*., including, ***but not limited to***, 15
U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

21.     As a direct and proximate result of the wrongful conduct visited upon
Plaintiff by Defendants in their wrongful collection efforts, Plaintiff
suffered actual damages including legal fees, mental anguish and
emotional distress.

22.     As a result of Defendants' violations of the FDCPA, Plaintiff is
entitled to actual damages in an amount to be determined by a struck
jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an
amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
reasonable attorney's fees and costs pursuant to 15 U.S.C. §
1692k(a)(3), from Defendants.

## COUNT TWO
## NEGLIGENCE

23. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

25. The Defendants knew or should have known that said conduct was improper.

26. The Defendants negligently failed to prevent and/or participated in improper collection activities.

27. As a result of The Defendants' negligence, the Plaintiff suffered actual damages.

## <u>COUNT THREE</u>
## <u>RECKLESSNESS AND WANTONNESS</u>
## <u>AGAINST THE DEFENDANTS</u>

28. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

29. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

30. The Defendants knew or should have known that said conduct was

improper.

31.   The Defendants recklessly and wantonly failed to prevent and/or

participated in improper collection activities.

32.   As a result of the Defendant's reckless and wanton conduct, the

Plaintiff suffered physical injury, worry, anxiety, nervousness, and

mental anguish.

## COUNT FOUR
## MALICIOUS PROSECUTION

33.   The Plaintiff adopts the averments and allegations hereinbefore as if

fully set forth herein.

34.   Defendant Cavalry sued the Plaintiff.

35.   Cavalry lacked probable cause to file the lawsuit.

36.   Cavalry maliciously filed the lawsuit against the Plaintiff.

37.   The lawsuit ended in favor of Plaintiff and against Cavalry.

38.   As a result of Cavalry frivolous lawsuit, Plaintiff was harmed.

## COUNT FIVE
## ABUSE OF PROCESS

39.   The Plaintiff adopts the averments and allegations hereinbefore as if

fully set forth herein.

40.   Defendant Cavalry filed a lawsuit against the Plaintiff alleging by

false affidavit that it acquired a debt from a third party and represented by affidavit that it owned the alleged debts and that Plaintiff was indebted to Cavalry.

41.  Defendant Cavalry never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

42.  The ulterior purpose was to attempt to force Plaintiff into paying Cavalry for a debt that Cavalry either could not or would not establish by any competent evidence or to coerce the Plaintiff into a settlement without any intent to offer any witness or offer other competent evidence supporting Cavalry's claims.

43.  Defendants were aware, at the time the lawsuit was filed, that they bore the burden of proof but despite that, they would never attempt to prove the claims alleged in the lawsuit and would never bring witnesses to Court or admit competent evidence in support of its claims.

44.  Defendants were aware that this conduct would harm the Plaintiff either by forcing him to pay a debt that Defendants knew they would not or could not prove or, alternatively, by coercing the Plaintiff into

a settlement with the knowledge that Defendants would not or could
not prove their claims against the Plaintiff.

45.     This conduct by Defendants is all too common in Alabama state
courts and constitutes a widespread pattern and practice against
Alabama consumers, such as Plaintiff.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts
alleged herein, Plaintiff was caused to incur legal fees, physical pain as well as
mental distress and emotional suffering and incurred other actual damages.

**WHEREFORE, PREMISES CONSIDERED,**  Plaintiff claims damages
of the Defendants in statutory, compensatory and punitive damages, plus interest,
costs, reasonable attorney's fees and any such other and further relief as this court
deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that
Defendants' conduct violated the FDCPA, actual damages in an amount to be
determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory
damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to
15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of
the FDCPA pursuant to 15 U.S.C. § 1692k.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Terry Mantooth
574 Campbell Road
Locust Fork, AL 35097

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**CAVALRY SPV I, LLC**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**CAVALRY PORTFOLIO SERVICES, LLC**
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104